UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| JAMAL SNEED,<br><br>    Plaintiff,<br><br> v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>    Defendants. | Case No. 3:24-cv-00569-MMD-CSD<br><br>**ORDER** |

*Pro se* Plaintiff Jamal Sneed filed this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he alleges he suffered while incarcerated at Northern Nevada Correctional Center. (ECF No. 8.) On April 30, 2025, the Court screened the second amended complaint, found that Plaintiff stated certain colorable claims, and granted Plaintiff an opportunity to file a third amended complaint curing the deficiencies of another claim, if he so chooses. (ECF No. 10.) On May 6, 2026, Plaintiff submitted a filing titled "Notice of Dismissal," requesting to dismiss this action without prejudice on the condition that he be permitted to file a motion to reopen the case when he is discharged from suicide watch, where he is currently confined and cannot have pen and paper. (*See* ECF No. 11.) The Court now addresses Plaintiff's most recent filing.

I. **DISCUSSION**

At this stage in the case, because no opposing party has filed an answer or a motion for summary judgment, voluntary dismissals are governed by Fed. R. Civ. P. 41(a)(1). Rule 41 (a)(1)(i) gives plaintiffs "an absolute right to dismiss [an action] without prejudice," such that a properly filed notice of dismissal takes effect upon filing, with no formal role for the Court to play. *See Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001). However, Rule 41(a)(1) does not permit a plaintiff to "seek a conditional dismissal." *See* 9 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2366 (4th ed.) (citing *Hyde Const. Co. v. Koehring Co.*, 388 F.2d 501, 509 (10th

Cir. 1968)); *see also Barno v. Hernandez*, No. 08cv2439 WQH (AJB), 2009 WL 3805637, at *2 (S.D. Cal. Nov. 10, 2009).

The Court does not consider Plaintiff's "Notice of Dismissal" to be a properly filed notice of dismissal under Rule 41(a)(1). Plaintiff requests dismissal on the condition that this action be reopened when he files another motion in the future. This type of conditional dismissal is not permitted by Rule 41(a)(1), so Plaintiff's most recent filing does not operate as a Rule 41(a)(1) notice of dismissal, and this case has not been closed.

However, the Court understands Plaintiff's concern that it is impractical for him to prepare and submit an amended complaint without access to writing utensils and paper. Therefore, the Court grants Plaintiff until **June 30, 2025**, to file a third amended complaint in compliance with the Court's prior Screening Order. (*See* ECF No. 10.) But Plaintiff is reminded that, in that Screening Order, the Court found that Plaintiff has already stated certain colorable claims in his second amended complaint. So a third amended complaint is only necessary if Plaintiff would like to attempt to cure the deficiencies of the non-colorable claim. Otherwise, if Plaintiff would like for this case to proceed now, he may file a notice to proceed without a third amended complaint. If Plaintiff files such a notice, then the Court will enter an Order staying this case for 90 days to allow the parties an opportunity to resolve Plaintiff's colorable claims with the help of the Court's inmate mediation program.

II.  **CONCLUSION**

It is therefore ordered that Plaintiff's "Notice of Dismissal" (ECF No. 11) did not have the effect of dismissing this case, and this case remains open.

It is further ordered that Plaintiff has until **June 30, 2025**, to file an optional third amended complaint. Plaintiff may also file a motion requesting an additional extension of time, if necessary.

It is further ordered that Plaintiff may alternatively file a notice to proceed without a third amended complaint.

It is further ordered that, if Plaintiff does not file a third amended complaint or chooses to file a notice to proceed without a third amended complaint, then this action will be stayed for 90 days to allow the parties an opportunity to resolve Plaintiff's colorable claims with the help of the Court's inmate mediation program. Those colorable claims are the: (1) First Amendment retaliation claim and Eighth Amendment failure-to-protect claim against Officer Ormosen and Officer Holz based on their allegedly sharing information about Plaintiff's criminal history with other inmates on October 6, 2024; and (2) First Amendment retaliation claim against Officer Holz based on his allegedly writing Plaintiff up in retaliation for threatening to file a grievance on October 6, 2024.

DATED: May 8, 2025.

_____
UNITED STATES MAGISTRATE JUDGE