UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMAL SNEED,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:24-cv-00569-MMD-CSD<br><br>ORDER |

　　　*Pro se* Plaintiff Jamal Sneed filed this civil rights action under 42 U.S.C. § 1983 to redress constitutional violations that he alleges he suffered while incarcerated at Northern Nevada Correctional Center in October 2024. (ECF No. 8.) The Court screened Sneed's second amended complaint, found that he stated certain colorable claims, and granted him an opportunity to file a third amended complaint curing the deficiencies of another claim. (ECF No. 10.) Sneed then submitted a "Notice of Dismissal" requesting to dismiss this action without prejudice on the condition that he be permitted to file a motion to reopen the case when he is discharged from suicide watch, where he is currently confined and cannot have pen and paper. (ECF No. 11.) On May 8, 2025, the Magistrate Judge entered an order finding that the conditional nature of Sneed's request meant that he had not filed a proper Rule 41(a)(1) notice of dismissal, reminding Sneed that a third amended complaint was not necessary for this case to proceed and extending the time for Sneed to file an optional third amended complaint. (ECF No. 12.) Sneed responded by filing a "Notice of Appeal" clarifying his desire to dismiss this case at this time. (ECF No. 13.) The Court now acknowledges that this case has been dismissed.

　　　"When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the

ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007) (citing *Ruby v. Secretary of Navy*, 365 F.2d 385, 388-89 (9th Cir. 1966)). The Magistrate Judge's May 8, 2025 order found that Sneed had not filed a proper Rule 41(a)(1) notice of dismissal and granted him an extension of time to file a third amended complaint. That was not a final, appealable order, so the Court retains jurisdiction over this case.

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citations omitted). This authority permits district courts to act before entry of a final order "rather than wait[] for the time-consuming, costly process of appeal." *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000) (citations omitted). Here, given Sneed's unconditional expression of his desire to dismiss this case in the "Notice of Appeal," and because no responsive pleading has been filed, the Court exercises its inherent authority to recognize that Sneed has voluntarily dismissed this case. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) ("[T]he plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party either serves an answer or a motion for summary judgment[.]").

It is therefore ordered that this action is dismissed in its entirety without prejudice. A dismissal without prejudice allows Sneed to refile this action with the Court in the future under a new case number.

It is further ordered that Sneed's application to proceed *in forma pauperis* (ECF Nos. 1, 4) is denied as moot.

The Clerk of Court is kindly directed to close the case.

DATED THIS 19th Day of May 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE